IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON, E09929, | ) |
| Plaintiff(s), | ) No. C 16-6097 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| R. GONZALES, et al., | ) |
| Defendant(s). | ) |

    Plaintiff, a prisoner at Salinas Valley State Prison and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 challenging a disciplinary finding that resulted in his losing "privileges and out of cell time." Compl. (ECF No. 1) at 3.  He also claims retaliation for filing inmate grievances and mail censorship.  Plaintiff sought leave to proceed <u>in forma pauperis</u> (IFP) under 28 U.S.C. § 1915.

    On January 17, 2017, the court found that 28 U.S.C. § 1915(g) bars plaintiff from proceeding IFP in this action because plaintiff: (1) has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted; and (2) is not seeking relief from a danger of serious physical injury which is imminent at the time of filing.  Jan. 17, 2017 Order at 2 (citing cases).

Pursuant to the law of the circuit, plaintiff nonetheless was afforded an opportunity to persuade the court that § 1915(g) does not bar IFP status for him. Id. (citing Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)).  The court gave plaintiff 28 days to "show cause why § 1915(g) does not bar IFP status for him," and explained that [f]ailure to show cause, or pay the requisite $ 400.00 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint." Id.

Plaintiff has responded by filing a "response/objection" (ECF No. 4) in which he argues that all but one of the prior dismissals cited by the court pre date § 1915(g) and constitute a strike.  Not so.  The court carefully reviewed six prior dismissals of plaintiff's and found that three were prisoner actions dismissed on the ground that they are frivolous, malicious, or fail to state a claim upon which relief may be granted – (1) Gibson v. Chief Medical Officer, No. 2:09-cv-00320-MSB (E.D. Cal. Dec. 14, 2010) (order of dismissal for failure to state a claim upon which relief may be granted); (2) Gibson v. Gomez, No. 3:95-cv-03114-VRW (N.D. Cal. Nov. 6, 1995) (same); and (3) Gibson v. Walco Co., No. 3:95-cv-02430-VRW (N.D. Cal. Nov. 6, 1995) (same).  The other three prior dismissals were prisoner actions dismissed because the court denied plaintiff leave to proceed IFP – (4) Gibson v. Wilson, No. 2:95-cv-04612-UA (C.D. Cal. July 12, 1995) (screening order denying leave to file action without prepayment of filing fee); (5) Gibson v. Wilson, No. 2:95-cv-04611-UA (C.D. Cal. July 12, 1995) (same); and (6) Gibson v. Cal. Appellate Project, No. 2:95-cv-01173-UA (C.D. Cal. Feb. 24, 1995) (same).  Although it's unclear whether prior dismissals (4), (5) or (6) constitute strikes under § 1915(g), there is no question that prior dismissals (1), (2) and (3) constitute three separate strikes under § 1915(g).  That two of them predate § 1915(g) is of no consequence because it is well-established

in this circuit that § 1915(g)'s "cap on prior dismissed claims applies to claims dismissed both before and after [§ 1915's] effective date." <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1312 (9th Cir. 1997).

  Because plaintiff has not shown that § 1915(g) does not bar IFP status for him in this prison action, this prisoner action is DISMISSED without prejudice to plaintiff bringing it in a paid complaint.

SO ORDERED.

DATED: February 7, 2017

              _____
              CHARLES R. BREYER
              United States District Judge

G:\PRO-SE\CRB\CR.16\Gibson, R.16-6097.dismissal.wpd